WILLIAM J. DAVIS, PLAINTIFF-RESPONDENT, v. NEW JERSEY ZINC COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Argued October 16, 1935—Decided January 31, 1936.

For the plaintiff-respondent, *Silber & Silber, Isidor Kalisch, Osie M. Silber* and *Harry B. Weiss.*

For the defendant-appellant, *Lindabury, Depue & Faulks, William L. Dill, Jr.,* and *Burtis S. Horner.*

The opinion of the court was delivered by

WOLFSKEIL, J. Plaintiff below brought his action against the New Jersey Zinc Company for illness claimed to be the result of manganese poisoning and contracted from inhaling and ingesting manganese dust which pervaded the picking room in which he worked and for which the defendant was liable in that it failed to perform its common law duties as master towards him its servant. The jury awarded a verdict of $25,000 to the plaintiff and this appeal is from the judgment entered thereon.

The grounds of appeal are refusal to nonsuit and to direct a verdict for the defendant; also trial errors in rulings on evidence, in the charge, and in denial of defendant's request for instruction to the jury.

The case discloses a most serious condition in the plaintiff which, if chargeable to the negligence of the defendant, amply justified the verdict. The negligence alleged and claimed to have been proved was failure to use reasonable care to provide plaintiff with reasonably safe conditions in which to perform his work and failure to give him warning of dangerous conditions which were claimed to be latent in their nature.

Defendant was engaged in the business of mining, crushing, separating and concentrating zinc ore and other minerals and employed plaintiff in what was known as its picking room. There was ample proof that this room was pervaded by manganese dust alleged to be poisonous in its nature. While manganese dust, as a source of poisoning, presents to some extent a recent acquisition of knowledge, nevertheless there was evidence which indicated that the defendant was chargeable with notice of its dangers. Numerous cases of manganese poisoning had their origin in its plant and since 1918 it had employed consultants for its dust poisoning problems.

Plaintiff was thirty-five years of age, healthy and robust, when he entered the employ of the defendant in 1927. When he was obliged to quit in 1932, because of illness, he resembled an old man and had become a helpless and permanent invalid. That the danger was latent in so far as the plaintiff was concerned and that no warning was given to him by the defendant seems to be clear. We think it was also shown that the defendant was neglectful in not making reasonable provision to protect the plaintiff from the dangerous condition which it had reason to believe existed and in its failure to eliminate the dust as far as reasonably practicable. A fact question which only the jury could determine was thus presented and we therefore conclude that the trial judge was right in refusing to nonsuit the plaintiff or direct a verdict for the defendant. *Downing* v. *Oxweld Acetylene Co.*, 112 *N. J. L.* 28; *Malinowsky* v. *J. C. & L. Bus Co.*, 112 *Id.* 103, 105.

Touching the alleged trial errors, we have gone over them carefully and have reached the conclusion that none of the rulings complained of justify reversal. They relate to questions directed to witnesses, to the offer of certain exhibits, to the charge and to the requests to charge. It is contended that the court erred in admitting in evidence the clothing worn by plaintiff at the time when he left defendant's employ. While this clothing might have been left out its reception in evidence is not cause for reversal. It belonged to that class of proofs whose admission or rejection lies in the discretion of the judge trying the case. *Noyes* v. *State,* 41 *N. J. L.* 418, 427; *State* v. *Weiner,* 101 *N. J. L.* 46. The two jars of dust received in evidence were collected from the room where plaintiff worked the week before he left. They were properly traced, were properly admissible and the expert testimony regarding the contents was competent.

There was no error in permitting the witness Gumaer to testify as an expert for the plaintiff. He was a consulting engineer in toxic vapors and dust and while he had no engineering degree he did have certain schooling at recognized institutions of learning, one year graduate work in chemistry and considerable experience concerning the matter he testified to. Whether a witness has such special knowledge or experience as to qualify him to give opinion evidence is a question of fact for the determination of the trial court whose finding is not reversible on writ of error if there be any legal evidence to support it. *Burns* v. *Delaware and Atlantic Tel. Co.,* 70 *N. J. L.* 745, 755; *Leonard* v. *Standard Aero Corp.,* 95 *Id.* 235. We think the trial judge was right in permitting the same witness to testify as to the practicability of installing a mechanical exhaust in the picking room to remove the dust laden air and as a means of supplying dust free air.

The questions directed to the defendant's witnesses McCann and Drinker were clearly irrelevant as was likewise the query directed to its witness Roach as to why he picked out this particular plant. Roach was connected with the department of labor and apparently the object of the question was to give added weight to defendant's case by showing that such an

officer had picked out defendant's plant probably because he would say that it was better than others. It was immaterial and might well be considered as repetitious since the witness had already testified as to the purpose of his visit to the plant. *Spence* v. *Hutchinson,* 102 *N. J. L.* 131.

There was no error in the overruling of a question asked of defendant's expert Hooker as to the constant weight of the dust taken from the picking room during the progress of the trial. We think neither the dust nor question was admissible and its exclusion would not justify a reversal. *Murphy* v. *Core Joint Concrete Pipe Co.,* 110 *N. J. L.* 83. Nor was there any error in refusing to permit Dr. Casamajor to again testify on redirect examination about propulsion and repropulsion. Certainly the previous questioning of this witness had about exhausted his knowledge, and the judge properly exercised his discretion.

With respect to the elements of the charge and instruction we think the trial judge, with marked accuracy, laid before the jury the rules of law applicable, and the subjects contained in the requests which were not charged were fully covered by his instructions to the jury.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.